# 𝕴𝖓 𝖙𝖍𝖊 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝖋𝖊𝖉𝖊𝖗𝖆𝖑 𝕮𝖑𝖆𝖎𝖒𝖘

No. 19-767C
(Filed: June 12, 2019)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

JAN B. HAMILTON

*Plaintiff,*

v.

THE UNITED STATES,

*Defendant.*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Plaintiff filed her complaint on May 21, 2019, which appears to allege a variety of tortious conduct against the plaintiff by a long list of defendants, none of whom are the United States nor its officers and officials.[1]  The complaint also states, "In accordance with FRAP Rule 3(c) this case is hereby appealed from the United States Court of Appeals for the District of Columbia to the United States Federal Claims Court from final order entered in this action on April 30, 2019 . . . ."  Compl. 2.  Since filing the complaint, plaintiff has filed five procedural motions.  We will not consider these motions, however, because we are without jurisdiction to hear this case.[2]

---

[1] We note that plaintiff has neither paid the filing fee nor filed a motion for leave to proceed *in forma pauperis*.  The fee remains due.

[2] Those motions are 1) a motion challenging the clerk's office's docketing of the defendant as the United States rather than the individuals listed in plaintiff's papers; 2) a motion seeking leave to use the electronic case filing system; 3) a motion for recusal; 4) a motion for leave to use the Federal Circuit's law library, dining facilities, and access to electronic legal databases; and 5) a motion for mediation.

The United States Court of Federal Claims has jurisdiction over claims "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). The essence of this jurisdictional grant is that we can hear cases brought for money, not including tort actions, against the United States. These claims must identify a substantive source of law, regulation, or contract that mandates that plaintiff be paid money. *See Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). Each element of that grant is essential to our jurisdiction, and the present complaint fails to meet any of them, with the limited exception that it may be asking for money.

The caption of plaintiff's papers clearly indicates that she intends to sue individuals, not the United States, nor is she suing individuals acting in official capacity for the United States. Secondly, plaintiff may be intending to appeal a decision of the United States Court of Appeals for the District of Columbia. We have no such appellate jurisdiction. Third, to the extent that the Complaint alleges any substantive allegations, they sound entirely in tort. Conspiracy, libel, slander, and assault are all beyond this court's jurisdiction. Lastly, plaintiff has not identified a substantive source of authority that directs that she be paid money by the United States, such as a federal statute or a contract with a federal agency. For all of these reasons, plaintiff's complaint has failed to allege a claim over which this court has jurisdiction.

Because it is plain on the face of the Complaint that we have no jurisdiction, dismissal is required. *See* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Accordingly, the following is ordered:

1. The five motions filed on June 7, 2019, are denied as moot.

2. The Clerk of Court is directed to dismiss the complaint for lack of jurisdiction and to enter judgment accordingly. No costs.

Eric G. Bruggink
Senior Judge